IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEBBIE E. HAWKINS, et al.,

    Plaintiffs,

      v.

FLORA KONADU,

    Defendant.

CIVIL ACTION FILE
NO. 1:11-CV-197-TWT

## ORDER

This is a personal injury action.  It is before the Court on State Farm Mutual Automobile Insurance Co.'s Motion to Dismiss [Doc. 9], which is DENIED.

### I.  Introduction

This case arises from a 2006 car accident involving Plaintiffs Gary and Debbie Hawkins and Defendant Flora Konadu.  In 2007, the Hawkins sued Konadu in state court.  They also served State Farm Mutual Automobile Insurance Co., the Hawkins' uninsured motorist carrier, with a copy of the complaint.  On June 16, 2010, after jury selection was complete, the Hawkins voluntarily dismissed the suit.  Nearly six months later, on December 15, 2010, they filed this lawsuit.  That same day, they moved to appoint a special process server to serve State Farm.  The DeKalb County judge granted the motion on December 29, 2010.  The process server served State

T:\ORDERS\11\Hawkins\mtdtwt.wpd

Farm that day.  Shortly thereafter, the Defendant removed the case to this Court.  State Farm now moves to dismiss for improper service.

## II.   Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.  Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1965-66 (2007); Fed. R. Civ. P. 12(b)(6).  A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts and even if the possibility of recovery is extremely "remote and unlikely."  Twombly, 127 S. Ct. at 1965 (citations and quotations omitted).  In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.  See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").  Generally, notice pleading is all that is required for a valid complaint.  See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).  Under notice pleading, the plaintiff need only give the defendant fair

notice of the plaintiff's claim and the grounds upon  which it rests.  See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citing Twombly, 127 S. Ct. at 1964).

### III.   Discussion

The Hawkins voluntarily dismissed their original lawsuit on June 16, 2010. This was well after the statute of limitations had expired.  Pursuant to O.C.G.A. § 9-2-61, they were permitted to file a renewed complaint on December 15, 2010.  The renewal period ended the following day.  They did not serve State Farm until December 29, 2010.  Because they did not serve State Farm within five days after filing the renewed complaint, they must show that they made reasonable and diligent efforts to ensure that proper service was made as quickly as possible.  Magsalin v. Chace, 255 Ga. App. 146, 147 (2002); see also O.C.G.A. § 33-7-11 (requiring plaintiff to serve UM carrier within the time allowed by law for valid service upon the named defendant).  If they cannot, State Farm is entitled to be dismissed as a defendant.

It is undisputed that the Hawkins filed a Motion to Appoint a Special Process Server on December 15, 2010, and contacted the court several times to check on the status of the motion.  However, they did not attempt to serve State Farm in any other manner.  But they did not know initially that it was going to take two weeks to get the DeKalb County judge to sign the routine order to appoint a special process server. They got State Farm served the day that the order was finally signed.  The Court finds

that the Hawkins did just barely make diligent efforts to ensure that proper service was made as quickly as possible.

IV.   <u>Conclusion</u>

For the reasons stated above, State Farm Mutual Automobile Insurance Co.'s Motion to Dismiss [Doc. 9] is DENIED.

SO ORDERED, this 8 day of April, 2011.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge